UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIEGO SANTAMARIA-GARCIA,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-03844-TLF

ORDER GRANTING HABEAS PETITION

Petitioner Diego Santamaria-Garcia is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, WA. Dkt. 1 at 6 (Petition); Dkt. 11 at 3 (Deportation Officer ("DO") Declaration). Petitioner argues the Immigration Judge ("IJ") Joshua Rosen abused his discretion when finding petitioner was a flight risk, violating due process. *E.g.*, Dkt. 1 at 21, 38-41.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 6. As discussed below, petitioner's September 4, 2026, hearing violated due process because the IJ's asserted bases for finding a flight risk were insufficient as a matter of law. The decision to deny bond lacked a factual basis for finding risk of flight; the denial of bond was an abuse of discretion.

Court **GRANTS** the petition and **ORDERS** respondents to immediately release petitioner **within 24 hours** of the filing of this Order.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. 1 at 6; Dkt. 11 at 2. He most recently entered the United States in June 2006, and was not apprehended. Dkt. 1 at 9; Dkt. 11 at 2. Over the next approximately two decades, petitioner resided in the United States. *See* Dkt. 1 at 9; Dkt. 11 at 2.

Respondents detained petitioner on March 17, 2026. Dkt. 1 at 9; Dkt. 11 at 2. Respondents' Form I-213 asserts petitioner "has been voluntarily returned to Mexico on four separate occasions between 1999 and 2002," and also that petitioner "has no criminal history." Dkt. 9-2 at 5.

Petitioner received two bond hearings, held by different IJs, in May 2026 and September 2026. Dkts. 2-5, 2-7 (orders of each IJ). The present petition challenges the September 2026 hearing. Dkt. 1.

At the May 4, 2026 hearing, IJ Tammy Fitting denied bond. Dkt. 2-5. According to the IJ's check-box Order, the IJ primarily found the Court lacked jurisdiction under *Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), in effect finding petitioner was mandatorily detained under 28 U.S.C. § 1225(b).[1] Dkt. 2-5. In the alternative, the IJ Order indicates petitioner was a "flight risk" but did not elaborate on the factual basis for this finding. Dkt. 2-5.

---

[1] Respondents' briefing before this Court does not assert petitioner is mandatorily detained under § 1225, instead asserting he's detained under 8 U.S.C. § 1226(a). Dkt. 8 at 2.

On August 4, 2026, IJ Joshua Rosen ordered petitioner removed to Mexico, and denied petitioner's requests for cancelation of removal. Dkt. 9-5 (Removal Order). It is undisputed petitioner appealed this removal order to the Board of Immigration Appeals and the appeal is still pending. *E.g.*, Dkt. 1 at 10; Dkt. 8 at 3 (Respondents' Brief).

For the September 4 hearing, petitioner presented evidence about his family, his wife of sixteen years, his three United States citizen children (one of whom requires ongoing medical treatment), his family's homes, his approximately 20 years of residence, and fifteen letters of community support, and other evidence of community connection and responsibilities. *E.g.*, Dkt. 1 at 15; *see also* Dkt. 2 at 4; Dkt 2-8 (Exhibit List). And, the government's evidence included the above-mentioned Form I-213, the May 2026 IJ bond denial order, and the August 2026 IJ removal order. *See* Dkts. 1, 8.

At the September 4, 2026 hearing, the IJ denied bond. Dkt. 2 at 5; Dkt. 11 at 3. The IJ cited three bases for finding a flight risk: (1) respondent's voluntary returns which occurred before petitioner's 2006 entry into the United States; (2) the likelihood of relief in light of the IJ's August 2026 Order denying relief and ordering him removed; and (3) the IJ's May 2026 Order denying bond, reasoning it represented a 'summary' of a 'tailored oral decision.'

According to the check-box Order, the IJ declined to assert *Yajure Hurtado* but still found petitioner was a flight risk. Dkt. 2-7 (IJ Order). The IJ's Order stated:

> The Court doesn't find that [petitioner] has met their burden – looking through the lens of that burden – when you factor all of the things together with the dynamics that include – at the beginning [petitioner] had multiple, that is, *four voluntary returns* that does show that when the [petitioner]'s back is against the wall or doesn't necessarily have other options that [petitioner] not comply with the immigration laws.

> And then the Court does find it was appropriate to consider – and the Court has considered in addition to the other factors – *the likelihood of relief* in this case – and that is a cancellation of removal for a non-LPR is a high standard in this case.
>
> The Court does note the [petitioner]'s argument that the information contained in the exhibit, I think it's three, *exhibit three*, is a form document and there is not much tailored the [petitioner]. But that's just the order that *summarizes the whole decision of the Immigration Judge*. And [petitioner's] counsel taking issue with the portion, *the Court does find [petitioner] did have, in fact, a tailored oral decision that took into account a number of matters* in the case probably reflected here as well.

Dkt. 10 at 31:00 through 32:25 (emphasis added). 'Exhibit three' refers to IJ Fitting's Order from May 2026 denying bond. *Id.*

## II. DISCUSSION

### A. Jurisdiction

8 U.S.C. § 1226(e) does not preclude 'habeas jurisdiction over constitutional claims or questions of law.'" *See Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017). "'[C]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'" *Id.* (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), *abrogated on other grounds as stated in Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210-11 (9th Cir. 2022)).

Here, petitioner's abuse of discretion claim is not "challenging the IJ's discretionary judgment, but is instead challenging 'whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled.'" *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026) (quoting *W.T.M. v. Bondi*, No. 2:25-CV 02428-RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026)).

This Court thus has jurisdiction to hear petitioner's challenge of his bond hearing.

**B. Exhaustion**

"In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional." *Vazquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100 (W.D. Wash. 2026). This Court has discretion to waive this prudential requirement. *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004).

"Prudential exhaustion is ordinarily required when (i) agency expertise necessitates agency consideration to generate a proper record and decision, (ii) excusing a party from exhausting administrative remedies would encourage the 'deliberate bypass' of the administrative scheme; and (iii) administrative exhaustion would likely allow the agency to correct its own mistakes and alleviate the need for judicial review." *Vazquez Lopez*, 830 F. Supp. 3d at 1100 (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

"Nonetheless, even if the three Puga factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing*, 370 F.3d at 1000).

Here, the first Puga factor weighs against requiring prudential exhaustion. "[T]he facts in this case are undisputed and the actual issue is whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk." *Soriano*, 830 F. Supp. 3d at 1079. "Thus, the BIA's 'expertise' in

immigration bond decisions is unnecessary to generate a proper record or reach a proper decision." *Id.*

The second Puga factor is neutral on whether to require prudential exhaustion. "Although relaxation of prudential exhaustion could encourage . . . others to bypass the administrative appellate procedure . . . there also is some value in identifying specific circumstances under which, as a matter of law, a finding of flight risk is untenable." *Id.*

The third Puga factor weighs against requiring prudential exhaustion. "Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Id.* "Moreover, given the lengthy delays inherent in the current appeals process, the Court finds Petitioner will suffer irreparable injury if he is required to wait for a BIA decision before being permitted to file a habeas claim." *Id.*

Even if the above *Puga* factors favored requiring exhaustion, waiver would still be appropriate under *Laing* for reasons similar to those discussed in *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *3-*4 (S.D. Cal. Apr. 16, 2026).

**C. Abuse of Discretion**

"When questions require a close review of agency-found facts, like the 'dangerousness'" or flight risk "determination, we review for an abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024); *Vasquez Lopez*, 830 F. Supp. 3d at 1100 (clarifying *Martinez* also applies to flight risk determinations).

"When examining any evidentiary proceeding and the adjudicator's opinion, there are at least two ways to challenge whether the adjudicator applied the correct standard

of proof." *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019). "First, a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's conclusion." Id. "Second, it may be clear from the adjudicator's opinion itself that he simply did not apply the correct standard to the facts." *Id.* Under either basis, this Court "may only determine whether the IJ applied the correct legal standard, not reweigh evidence." *Soriano*, 830 F. Supp. 3d at 1080.

Here, the Court finds the IJ's asserted bases for finding a flight risk were insufficient as a matter of law.

First, the IJ improperly analyzed and relied on petitioner's previous voluntary returns, which occurred prior to petitioner's entry in 2006. This Court has rejected similar reliance on "voluntary returns to Mexico in 2000 and 2006" as the "IJ did not explain how [peititoner's] prior voluntary return to Mexico in 2000 and 2006 makes him a flight risk decades later." *Zavala Sandoval v. Hernandez*, No. 2:26-cv-01198-JNW, 2026 WL 1661379, at *1, *4 (W.D. Wash. Jun. 9, 2026); *see also Soriano,* 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026) (holding "the IJ failed to identify why conduct that occurred approximately 25 years ago (or more) suggests Petitioner would be motivated to flee," especially considering petitioner lived at the same address for 20 years, has multiple U.S. citizen children one of whom requires ongoing medical care, and has no criminal history); *Miranda v. Hernandez*, No. 2:26-cv-00906-JNW, 2026 WL 1328227, at *3-*4 (W.D. Wash. May 13, 2026) (holding similarly in light of "overwhelming" evidence under the *Guerra* factors).

Second, the IJ improperly analyzed and relied on the petitioner's perceived ability to obtain relief from removal, including the August 2026 non-final removal order. The IJ's decision appears to reference the Board of Immigration Appeals' holding that the likelihood of relief from removal can be considered by IJ's in determining bond. *Matter of R-A-V-P*, 27 I. & N. Dec. 803, 805. But a non-final removal order, or generalized concerns about a petitioner's claims for relief, are not relevant to risk of flight -- especially when the IJ fails to offer a substantive discussion of petitioner's evidence or the other relevant factors. *E.g.*, *Soriano*, 830 F. Supp. 3d at 1077, 1081 (W.D. Wash. 2026). Here, the IJ mentioned generalized "other factors" and evidence but failed to substantively explain how petitioner's perceived ability to obtain relief established his flight risk. Dkt. 10 at 31:00 through 32:25.

Further, the IJ referred to petitioner's unlawful entry, yet this does not show risk of flight "given that every individual who appears before an [IJ] for custody redetermination lacks lawful status." *Villa v. Mullin*, 834 F. Supp. 3d 957, 962 (C.D. Cal. 2026).

Third, IJ Rosen analyzed and relied on IJ Fitting's prior May 2026 Order denying bond. The May 2026 Order declined jurisdiction under *Yajure Hurtado*, but alternatively made a finding that petitioner was a flight risk. Dkt. 2-5. These alternative findings based on a check-box form are not an independent assessment of risk of flight. *Barrios Osorio v. Bondi*, No. 2:26-cv-00317-JNW, 2026 WL 607765, at *3 (W.D. Wash. Mar. 4, 2026). (noting the IJ's "main ruling—that the court lacked jurisdiction under Section 1225—was legally erroneous" and "necessarily infected the alternative finding" and "[a]n unexplained alternative ruling, made under the wrong legal framework, cannot serve as

an independent basis for continued detention.”). The IJ’s reasoning that the check-box May 2026 Order likely summarized or represented a tailored oral decision is speculative. *See Zavala Sandoval*, 2026 WL 1661379, at *5 (noting unelaborated findings “le[ft] the court to speculate on how the IJ viewed the evidence . . .”).

For the reasons above, the Court finds the IJ abused his discretion when denying bond.

**D. Remedy**

Federal courts have “a fair amount of flexibility” in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *Soriano*, 830 F Supp. 3d at 1081-82.

Under the circumstances, the Court finds no basis for petitioner’s continued detention and the Court therefore orders immediate release. *Soriano*, 830 F. Supp. 3d at 1081-82; *see also Garcia v. Hyde*, 817 F. Supp. 3d 112, 131, (D.R.I. Dec. 3, 2025) (ordering habeas petitioner's immediate release from custody “[g]iven the due process violations that pervaded his bond hearing”)).

Petitioner also asks this Court to order release without GPS or ankle monitoring. *E.g.*, Dkt. 45 at 1. Based on the record of this matter, there is no evidence demonstrating petitioner poses either a flight risk or danger to the community. Thus, the imposition of GPS or ankle monitoring, without more, would be impermissibly arbitrary and violative of due process. *See Palacio v. Hermosillo*, No. C25-1983-RSM-MLP, 2025 WL 4033287, at *3 (W.D. Wash. Dec. 22, 2025), *report and recommendation adopted sub nom. Quiva Palacio v. Wamsle*y, No. C25-1983-RSM-MLP, 2026 WL 84930 (W.D. Wash. Jan. 12, 2026).

## III. CONCLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS:**

**(1)** Respondents shall immediately release petitioner from immigration custody **within 24 hours** of the filing of this Order.

**(2)** Respondents shall release petitioner under reasonable conditions of release. These conditions shall not include GPS, ankle, or other similar electronic monitoring.

**(3)** At the time of release, respondents shall return to petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents.

**(4)** Respondents shall file a certification with this Court confirming the date and time petitioner was released **within two business days** of the filing of this Order.

**(5)** The Court will consider an appropriate post-judgment motion for attorney's fees.

Dated this 5th day of November, 2026.

Theresa L. Fricke
Theresa L. Fricke
United States Magistrate Judge